Appellant Robert Davis appeals from a judgment of the Lorain County Court of Common Pleas, Probate Division, that denied his motion to vacate its earlier judgment that disqualified him from sharing in a wrongful death settlement. Because Davis has not demonstrated that he established his entitlement to relief under Civ.R. 60(B), we affirm.
Davis purports to be the natural father of Jasmine Brooks, who died on July 5, 1996, one month before her fourth birthday. Her estate filed a wrongful death action against, among others, the hospital where Jasmine was treated prior to her death. The estate entered into a settlement with the hospital for $900,000. Because Jasmine had died intestate, the settlement was submitted to the probate court for approval. As part of the approval process, the estate sought to have Davis disqualified from sharing in the proceeds of the settlement because, according to the estate, he had abandoned Jasmine. See R.C. 2125.02(A)(1).
The probate court held a hearing on this issue. Because Davis apparently no longer resided at his last known address, he did not receive notice of the hearing and did not appear. The estate presented evidence, through the testimony of Jasmine's mother and the deposition testimony of Davis, that Davis did not support Jasmine or have any contact with her during the last year of her life. Based on this evidence, the trial court concluded that Davis had abandoned Jasmine within the meaning of R.C.2125.02(A)(1) and, therefore, was not entitled to a share of the wrongful death settlement. The trial court further found that Davis lacked standing as her father. The trial court approved a distribution of all but $180,008.29 of the wrongful death proceeds, setting aside a potential share for Davis, pending another attempt to provide him with notice and an opportunity to be heard. Notice of the second hearing was published in the Lorain Chronicle-Telegram. Because Davis still did not appear, the trial court approved a final distribution of the proceeds, which included an additional $180,008.29 to Jasmine's mother.
On August 29, 1997, Davis moved the trial court to vacate the June 23 order, contending that he had not received notice that the estate was attempting to disqualify him "until such time that it was too late to respond prior to the hearing." He further maintained that he could establish that he was Jasmine's natural father and that he had not abandoned her. The trial court held an evidentiary hearing, after which it concluded that Davis had not established his standing as Jasmine's father. On September 26, 1997, the trial court denied Davis's motion to vacate its June 23 judgment. Davis appeals and raises two assignments of error, which are consolidated for ease of discussion.
Davis's assignments of error challenge the trial court's September 26, 1997 judgment that denied him relief from the June 23 judgment. The trial court's decision to deny relief from its earlier judgment will not be reversed absent an abuse of discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20. Davis, as the party seeking relief from judgment, had the burden of demonstrating to the trial court that he was entitled to relief. GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. To prevail on a motion brought under Civ.R. 60(B), Davis was required to demonstrate that: (1) he had a meritorious defense or claim to present if relief was granted, (2) he was entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion was made within a reasonable time. Id.
The trial court apparently found that Davis had satisfied the second and third prongs of GTE. The trial court held a hearing on Davis's 60(B) motion, allowing him an opportunity to refute the estate's evidence regarding the merit of his claim. After the hearing, the trial court denied Davis relief from judgment, stating that Davis had not established that he had standing as Jasmine's father.
On appeal, Davis attempts to demonstrate that the trial court's finding on the issue of his standing was erroneous. Even if the trial court erred in finding that Davis lacked standing as Jasmine's father, Davis has failed to demonstrate that he was entitled to relief from judgment. To establish that he had a meritorious claim to the wrongful death settlement, Davis also had to convince the court that it wrongly decided that he had abandoned Jasmine. See R.C. 2125.02(A)(1). According to R.C.2125.02(G)(3), the minor decedent is deemed to have been "abandoned" by a parent who "failed without justifiable cause to communicate with the minor, care for the minor, and provide for the maintenance and support of the minor * * * for a period of at least one year immediately prior to the date of the death of the minor."
Davis asserted in his motion that he could present evidence that would establish that he did not abandon Jasmine. He attached his own affidavit, which asserted merely that "during the final year of Jasmine's life affiant provided support and expressed his love and affection for his daughter." Presumably, Davis intended to present evidence of his lack of abandonment at the 60(B) hearing. Because Davis failed to provide this Court with a transcript of the 60(B) hearing, however, he has presented an inadequate record to demonstrate the alleged error. This is particularly true because his challenge hinges on the weight and sufficiency of the evidence of abandonment before the trial court. See App.R. 9(B).
Even if Davis contradicted the estate's evidence with his own testimony that he did have contact with Jasmine and provided her with financial support during the last year of her life, it was for the trial court to determine whether his testimony was more credible than the earlier testimony of Jasmine's mother and his own deposition testimony. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Although Davis contends that the trial court refused to receive evidence on this issue, without a transcript, he cannot demonstrate what testimony was offered or received at the hearing.
Davis has failed to demonstrate that the trial court abused its discretion by refusing to vacate its June 23, 1997 judgment. The second assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
FOR THE COURT
SLABY, P. J.
CACIOPPO, J.
CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)